Michael H. Steinberg (SBN 134179)
steinbergm@sullcrom.com
**SULLIVAN & CROMWELL LLP**
1888 Century Park East, Suite 2100
Los Angeles, California  90067-1725
Telephone:  (310) 712-6600
Facsimile:  (310) 712-8800

Laura K. Oswell (SBN 241281)
oswelll@sullcrom.com
Sverker K. Hogberg (SBN 244640)
hogbergs@sullcrom.com
**SULLIVAN & CROMWELL LLP**
1870 Embarcadero Road
Palo Alto, California 94303
Telephone:  (650) 461-5600
Facsimile:  (650) 461-5700

*Attorneys for Defendants*
*Volkswagen Group of America, Inc.*
*and Key Howard, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GIBSON, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey corporation; KEY HOWARD, INC., a California Corporation d/b/a KEYES AUDI; and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL BY DEFENDANTS PURSUANT TO 28 U.S.C. §§ 1331, 1441 AND 1446** |

PLEASE TAKE NOTICE that Defendants Volkswagen Group of America, Inc. ("VWGoA") and Key Howard, Inc. (together, "Defendants"), through their undersigned counsel, hereby remove this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. This removal is made pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. The grounds for removal are as follows:

## STATEMENT OF JURISDICTION

1. This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one that may be removed to this Court, pursuant to 28 U.S.C. § 1441 and for the reasons below.

## THE REMOVED ACTION

2. This civil action, filed on August 12, 2016 is pending in the Superior Court of the State of California, County of Los Angeles, a court located within this District, under Case Number BC630323.

3. VWGoA was served with a Summons and Complaint on or about August 15, 2016. (*See* Ex. A.) Defendants did not answer the Complaint in Los Angeles County Superior Court prior to removal. Defendants are not aware of any further proceedings regarding this action in that court. This Notice of Removal is accompanied by the following documents:

- All executed process in this case (Ex. A);
- All pleadings asserting causes of action (*i.e.*, the Complaint) (Ex. B); and
- The docket sheet and court documents (Ex. C).

4. Other than the documents attached as Exhibits, no pleadings, process, orders or other documents in the case have been served or otherwise received by Defendants or, to Defendants' knowledge, are presently on file in the state court. In the event that such filings come to Defendants' attention, it will immediately file copies in this Court.

SULLIVAN & CROMWELL LLP

NOTICE OF REMOVAL

5.      The Complaint brings claims on behalf of an individual Plaintiff related to Plaintiff's purchase of a "2012 Audi Q7." (Compl. ¶ 6-7.) As indicated by the Complaint's allegations, this action is based on allegations concerning the widely publicized EPA Notice of Violation, dated September 18, 2015 (the "EPA Notice"), concerning the alleged installation of emissions testing "defeat device" in certain Volkswagen diesel vehicles in alleged violation of the Clean Air Act, 42 U.S.C. § 7401 *et seq.* (Compl. ¶ 12 ("Federal and state government agencies have revealed that VW has installed software into the Vehicle, called a 'Defeat Device', which detect [sic] when Class Vehicles are undergoing government required emissions testing . . . [and] ensure that only during such testing are the Vehicle's complete emissions control systems fully functional."); *id.* ¶ 14 ("State and federal government agencies have recently discovered the presence of Defeat Devices on the subject Vehicle . . . ."); *id.* ¶ 16 ("VW has had exclusive knowledge of the Defeat Devices, and has actively concealed the existence of the Defeat Devices . . .  Defeat Devices result in the subject vehicle not being in compliance with state and federal law."); *id.* ¶ 25 ("VW knew that Plaintiff was being intentionally misled regarding the true performance, fuel efficiency, and emission of the subject vehicle."); *id.* ¶ 35 ("VW intentionally used Defeat Devices in order to enhance the performance and fuel efficiency of the Subject Vehicle."); *id.* ¶ 38 ("VW actively concealed the unlawful nature of the Vehicle, as well as the true performance, fuel efficiency, and emissions of the Vehicle, from Plaintiff.").) The Judicial Panel on Multidistrict Litigation has consolidated hundreds of cases making similar claims to the instant action in the United States District Court for the Northern District of California as *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation,* Case No. 3:15-md-02672-CRB (MDL No. 2672).

## PROCEDURAL ISSUES

6.      Removal is timely under 28 U.S.C. § 1446(b).  Plaintiff served VWGoA on or about August 15, 2016.  (*See* Ex. A.)  This notice of removal is filed within 30 days after service of the Summons and Complaint on VWGoA.  Defendant Key Howard, Inc. also agrees with and joins in this removal.

7.      Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division where the state court case was pending.  The Superior Court of the State of California for the County of Los Angeles is located within the Central District of California.

## JURISDICTION IS PROPER UNDER § 1331

8.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Federal question jurisdiction exists over state law claims where, *inter alia,* "plaintiff's right to relief depends on the resolution of a substantial question of federal law."  *Franchise Tax Bd. of Cal.* v. *Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 27-28 (1983); *see also Grable & Sons Metal Prods., Inc.* v. *Darue Eng'r & Mfnr.,* 545 U.S. 308, 314 (2005) (explaining that a complaint alleging only violations of state law does not bar removal to federal court under federal question jurisdiction if "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities").

9.      By his own allegations in the Complaint, Plaintiff makes clear that Defendants' alleged use of a "defeat device" is the crux of his claims.  (*See e.g.,* Compl. ¶¶ 12, 14, 16, 25, 35, 38.)  As described above, the Complaint's allegations are based upon the EPA Notice and the EPA's public charges of alleged violations of the Clean Air Act and related regulations.  Like the EPA Notice, the

SULLIVAN & CROMWELL LLP

-3-

NOTICE OF REMOVAL

Complaint alleges "that VW has installed software into the Vehicle, called a 'Defeat Device', which detect [sic] when Class Vehicles are undergoing government required emissions testing . . . [and] ensure that only during such testing are the Vehicle's complete emissions control systems fully functional. (Compl. ¶ 12.)  These allegations regarding compliance with federal emissions standards are the genesis, gravamen and framework for Plaintiff's claims.

10.   Accordingly, Plaintiff's claims for relief require resolution of a substantial question of federal law—specifically, the application of federal emissions standards and other regulations.  (*See, e.g.*, Compl. ¶¶ 12, 14, 16, 25, 35, 38.)  Plaintiff is not permitted to "avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of [her] claim." *Lippitt* v. *Raymond James Fin. Servs.*, 340 F.3d 1033, 1041 (9th Cir. 2003); *see League to Save Lake Tahoe* v. *BJK Corp.*, 547 F.3d 1072 (9th Cir. 1976); *Lehman Brothers, Inc.* v. *City of Lodi*, 333 F. Supp. 2d 895, 906 (E.D. Cal. 2004) (state law claims for breach of contract, negligent misrepresentation, and fraud were removable as they implicated CERCLA); *Menoken* v. *McNamara*, 213 F.R.D. 193, 197 (D.N.J. 2003) (federal question jurisdiction existed when plaintiff's state law fraudulent concealment claim required proof of an underlying violation of the FMLA or ADA); *Schulze* v. *Legg Mason Wood Walker, Inc.*, 865 F. Supp. 277 (W.D. Pa. 1994) (removal was proper when resolution of state law claim was dependent upon interpretation of federal statute); *cf.* 42 U.S.C. § 7604(a) ("The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce such an emission standard or limitation, or such an order, or to order the Administrator to perform such act or duty . . . .").

11.   The instant action, though purportedly asserted under state law, is in actuality an attempt to enforce the emission standards established by the EPA. Whether Defendants violated EPA standards or the Clean Air Act is plainly a

question of federal law. The Clean Air Act expressly provides for federal jurisdiction over "citizen suits" to enforce the Clean Air Act's emissions standards where the EPA Administrator has not commenced a civil action to enforce such standards. *See* 42 U.S.C. § 7604(a) ("[A]ny person may commence a civil action on his own behalf (1) against any person . . . who is alleged to have violated . . . or to be in violation of . . . (A) an emission standard or limitation under this chapter."). Where the EPA Administrator has "commenced and is diligently prosecuting a civil action in a court of the United States or a State to require compliance with the standard[s] . . . any person may intervene as a matter of right." *Id.* § 7604(b)(1)(B).

12. The Complaint relies on allegations and assumptions implicating substantial questions of federal law, including whether Defendants violated the Clean Air Act and related regulations by the use of a "defeat device." (*See, e.g.*, Compl. ¶¶ 12, 14, 16, 25, 35, 38.) Thus, the Complaint presents a federal question and satisfies the requirements of 28 U.S.C. § 1331.

## NOTICE TO ADVERSE PARTY AND STATE COURT

13. Pursuant to 28 U.S.C. § 1446(d), Defendants are serving written notification of the removal of this case on Plaintiff's counsel (identified below):

Adam M. Zolonz
ZOLONZ & ASSOCIATES
1680 N. Vine Street, Suite 315
Los Angeles, California 90028

14. Pursuant to 28 U.S.C. § 1446(d), Defendants promptly will file a Notification of Removal, attaching a copy of this Notice of Removal, with the Clerk of the Superior Court, Los Angeles County.

## CONCLUSION

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants hereby remove this action from the Superior Court of the State of California, County of

Sullivan & Cromwell LLP

-5-

NOTICE OF REMOVAL

Los Angeles, to the United States District Court for the Central District of California.

Dated:  September 12, 2016

/s/ Laura K. Oswell
Michael H. Steinberg (SBN 134179)
steinbergm@sullcrom.com
**SULLIVAN & CROMWELL LLP**
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Tel.: (310) 712-6600
Fax: (310) 712-8800

Laura K. Oswell (SBN 241281)
oswelll@sullcrom.com
Sverker K. Hogberg (SBN 244640)
hogbergs@sullcrom.com
**SULLIVAN & CROMWELL LLP**
1870 Embarcadero Road
Palo Alto, California 94303
Tel.: (650) 461-5600
Fax: (650) 461-5700

*Attorneys for Defendants*
*Volkswagen Group of America, Inc.*
*and Key Howard, Inc.*

SULLIVAN & CROMWELL LLP

-6-

NOTICE OF REMOVAL

## CERTIFICATE OF SERVICE

I, Jodi L. Carr, declare:

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within action; my business address is Sullivan & Cromwell, LLP, 1870 Embarcadero Road, Palo Alto, California 94303.

On September 13, 2016, I served a copy of the following document(s):

**NOTICE OF REMOVAL BY DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC. PURSUANT TO PURSUANT TO 28 U.S.C. §§ 1331, 1332(a), 1441 AND 1446**

on the interested parties in this action by placing a copy of this document in an envelope addressed as follows:

> Adam M. Zolonz
> ZOLONZ & ASSOCIATES
> 1680 N. Vine Street, Suite 315
> Los Angeles, California 90028

**[X]    BY OVERNIGHT DELIVERY:**  I deposited the documents described above in a sealed envelope, with delivery fees paid, designated for overnight delivery to the addressee(s) above.  I placed this envelope in a facility regularly maintained by FedEx, an express service carrier.

[ ]    BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM: In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(ies) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

**[X]**    **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on September 12, 2016, at Palo Alto, California.

_____
JODI L. CARR

SULLIVAN & CROMWELL LLP

CERTIFICATE OF SERVICE